## F. MARTINEZ v. THE STATE.

1. PERJURY. — The Penal Code expressly provides that the "statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury." Art. 193.
2. SAME. — INDICTMENT alleged that a material inquiry in the trial of one H. for theft was whether said H. or one W. killed a certain steer, and charged that the accused swore that he "saw W. kill the steer about four months ago." The traverse of this statement of the accused averred that the said W. "did not kill said steer at the time and place alleged" by the accused. *Held*, that the traverse negatives the time but not the fact that W. killed the steer; and as the time stated (viz., "about four months ago") was immaterial in the trial of H. for theft, this indictment assigns the perjury on a statement which was not material to the matter in respect to which it was made.

APPEAL from the District Court of Uvalde. Tried below before the Hon. T. M. PASCHAL.

The opinion sufficiently discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. It appears that the matter assigned as perjury grew out of the testimony of the appellant in a trial in the District Court of Uvalde County, wherein one John Hannahan was being prosecuted for the theft of a steer. The matter assigned as perjury is thus stated in the indictment, after the usual formal averments, viz. : "Whereupon it then and there became material, upon the trial of said issue, whether the said John Hannahan or one Frank West killed the steer charged in the indictment to have been stolen by the said John Hannahan, and the said F. Martinez, being so sworn as aforesaid, wickedly contriving and intending to cause the said John Hannahan unjustly to be acquitted of said felony, did then and there knowingly, falsely, corruptly, wilfully, and deliberately depose and give in evidence to the jurors of the jury then and there duly accepted and

sworn between the State of Texas and the said John Han-nahan, before the said Thomas M. Paschal, judge as afore-said, that he, the said F. Martinez, saw the said Frank West kill said steer, about four months ago [meaning from 16th October, 1879] ; that he    *    *    *    was positive it was not more than four months ago.    *    *    *    When, in truth and in fact, the said Frank West did not kill said steer at the time and place as alleged by the said F. Mar-tinez ; all of which statements, made under oath as afore-said, by the said F. Martinez, he, the said F. Martinez, then and there knew to be wilfully and deliberately false," etc.

Now, a material matter in issue, it will be observed, according to the allegation, was "whether Hannahan or West killed the steer." The perjury, it is charged, consisted in the witness stating that he saw West kill the steer about four months before, and this statement is negatived by the prose-cution with the allegation, "When, in truth and in fact, the said Frank West did not kill said steer at the time and place alleged." As stated in the indictment, the allega-tions are insufficient to support an assignment for perjury. In the prosecution of Hannahan, the State was not bound to prove a particular time and place, provided the proof showed the time of the theft to be anterior to the filing of the indictment, and at a period not so remote as to be barred by limitation. "Four months," or the time stated by the witness, became then immaterial, and does not settle the material issue whether West or Hannahan killed the steer ; for whilst it might not have been true that West killed him just "four months ago," it might nevertheless have been true that West did kill him within four months, or prior to that time within the period of limitation. There is, then, no inconsistency, in contemplation of law, between the statement of the witness and the fact that West did kill the animal, and that Hannahan was innocent of the crime. It follows, then, that the time fixed by the witness was wholly immaterial in law to the issue being tried.

The pleader does not negative the fact that West killed the steer, but only the fact that he killed it "at the time and place as alleged by the said Martinez."

On the face of the indictment the matter assigned as perjury is not made to appear material, nor is it material. This is necessary to the sufficiency and validity of an indictment for perjury. *Smith* v. *The State,* 1 Texas Ct. App. 620. Our statute expressly provides that "the statement of any circumstance wholly immaterial to the matter in respect to which the declaration is made is not perjury." Rev. Penal Code, art. 193.

Defendant's motion in arrest of judgment should have been sustained.

*Reversed and remanded.*